**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MARLAVOUS MCGHEE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:20-cv-02486-SHL-atc |
| v. | ) | Cr. No. 2:14-cr-20063-STA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING
A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT
AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed by Movant, Marlavous McGhee, Bureau of Prisons ("BOP") register number 26774-076, who is currently on supervised release[1] (ECF No. 12); the Response of the United States in Opposition to Defendant's Motion Under 28 U.S.C. § 2255 ("Answer") (ECF No. 14); and McGhee's Reply (ECF No. 15). For the reasons stated below, the Court **DENIES** the § 2255 Motion.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

**A.      Criminal Case No. 2:14-cr-20063**

On February 27, 2014, a federal grand jury in the Western District of Tennessee returned a single-count indictment charging that, on or about June 2, 2013, McGhee, a convicted felon,

---

[1] According to the BOP's Inmate Locator, McGhee was released on March 31, 2023. https://www.bop.gov/inmateloc/ (last searched June 28, 2023).  The Clerk is directed to obtain McGhee's current address from Probation and to mail a copy of this Order and the Judgment to him at that address.

knowingly possessed an Aranzabal-eibar .38 caliber revolver, in violation of 18 U.S.C. § 922(g)(1).  Indictment, *United States v. McGhee*, No. 14-cr-20063 (W.D. Tenn. Feb. 27, 2014) (Criminal ("Cr.") ECF No. 1 (sealed).)  A jury trial commenced on November 3, 2014.  (Cr. ECF No. 38).  On November 5, 2014, the jury returned a guilty verdict.  (Cr. ECF Nos. 40 & 41.)  On February 5, 2015, the Court sentenced McGhee to a term of imprisonment of 120 months, or ten years, to be followed by two years of supervised release.  (Cr. ECF No. 56.)  Judgment was entered on February 9, 2015.  (Cr. ECF No. 59.)  McGhee appealed and the Sixth Circuit affirmed the Judgment.  Order, *United States v. McGhee*, No. 15-5135 (6th Cir. Jan. 21, 2016).

### B.    McGhee's § 2255 Motion

On June 30, 2020, McGhee filed his *pro se* § 2255 Motion.  (ECF No. 1.)  He filed an Amended Motion on August 20, 2020, in which he argues that his conviction is invalid in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 914 (2019).  (ECF No. 12.) McGhee also argues that he is actually innocent of violating 18 U.S.C. § 922(g).  *Id.*  The Court directed the Government to respond, which it did on September 18, 2020.  (ECF Nos. 11 & 14.) McGhee filed his Reply on October 6, 2020.  (ECF No. 15.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that

was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).  Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III.   ANALYSIS

McGhee argues that his conviction is invalid in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (ECF No. 12 at PageID 76.)  The defendant in *Rehaif* had been convicted of violating 18 U.S.C. § 922(g)(5)(A), which prohibits the possession of firearms by persons who are "illegally or unlawfully in the United States."  The penalty provision, 18 U.S.C. § 924(a)(2), refers to persons who "knowingly" violate § 922(g).  On appeal, the defendant argued that the trial judge erred in instructing the jury that he did not need to know that he was in the country unlawfully.  *Id.* at 2195.  The Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  *Id.* at 2200.  The Court explained that,

> [w]ith some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien ... illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195-96.  The word "knowingly" applies to every element other than the jurisdictional element.  *Id.* at 2196.

The Government argues that McGhee's claim has been procedurally defaulted.  (ECF No. 14 at PageID 87.)  The Court agrees.  A § 2255 motion is not a substitute for a direct appeal.  *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).  "Defendants must assert their claims in

3

the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). If a defendant fails to challenge the voluntariness or intelligence of his guilty plea on direct appeal, that claim is procedurally defaulted. *See Bousley*, 523 U.S. at 621. However, a defendant may overcome a procedural default by showing that a claim "is so novel that its legal basis is not reasonably available to counsel." *Id.* at 622-23. But "futility cannot constitute cause [to overcome procedural default] if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* at 623 (internal quotation marks omitted).

Here, McGhee did not argue that he was unaware that he was a convicted felon during his criminal case or on direct appeal. And his claim was not so novel that it could not have been anticipated. The issue has been repeatedly litigated. Although the Sixth Circuit previously held that the *mens rea* requirement did not apply to the status element of § 922(g), *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003), that simply means that the claim was not accepted in this circuit during the pendency of McGhee's criminal case and appeal.

An inmate can also overcome a procedural default by showing that he is actually innocent. *Id.* at 623. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that . . . it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted). In *Bousley*, 523 U.S. at 623, the Supreme Court remanded the case to give the inmate the opportunity to show that he was actually innocent. However, the Court explained that,

> "[A]ctual innocence" means factual innocence, not mere legal insufficiency. In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in *Bailey*.

*Id.* at 623-24 (citation omitted).

4

Although McGhee argues that he is actually innocent of violating 18 U.S.C. § 922(g), (ECF No. 12 at PageID 77), the evidence is more than sufficient for a jury to conclude that he knew he was a convicted felon.  At trial, McGhee stipulated that he had been previously convicted of a crime punishable by a term of imprisonment for a term exceeding one year.  (Cr. ECF No. 43 at PageID 84.)  Furthermore, the signed judgments sheets from his August 2011 and November 2011 felony convictions informed McGhee that he was convicted of a felony.  (ECF No. 14-1 at PageID 93, 95.)

Even without the signed judgment sheets, the fact of his prior convictions is sufficient for a jury to infer that he knew that he was a convicted felon.  As the Supreme Court has observed, "[i]f a person is a felon, he ordinarily knows that he is a felon. . . .  That simple truth is not lost upon juries.  Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."  *Greer*, 141 S. Ct. at 2097; *see also United States v. Conley*, 802 F. App'x 919, 923-24 (6th Cir. 2020) ("rational jurors could reasonably infer knowledge of prohibited status from the proof of the prohibited status itself—that is, the jury could infer Conley's knowledge that he had a felony conviction from the bare fact of such a conviction") (internal quotation marks omitted).

Because McGhee has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, he cannot overcome his procedural default and his claim is substantively meritless.  Therefore, the Court **DENIES** the § 2255 Motion.  The § 2255 Motion is **DISMISSED WITH PREJUDICE**.  Judgment shall be entered for the United States.

## IV.   APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect."  *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).  "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*."  *Id.*; *see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable.").

There can be no question that the issue raised in Movant's § 2255 Motion is meritless for the reasons previously stated.  Because any appeal by Movant on the issue raised does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.  *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must

6

obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  *Kincade*, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED**, this 7th day of July, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.